# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JESSE YARBOROUGH, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:10-cv-267-JMS-WGH |
| BETH SCHARFF, et al., | ) |
| Defendants. | ) |

## Entry Discussing Motion for Summary Judgment

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no Agenuine@ dispute. *Scott v. Harris,* 127 S.Ct. 1769, 1776 (2007).

For the reasons explained in this Entry, the defendants have met their burden under Rule 56(a) and their motion for summary judgment [58] must therefore be granted.

## I. Background

Jesse Yarbrough is in the custody of the Federal Bureau of Prisons ("BOP") and was formerly confined at the United States Penitentiary in Terre Haute, Indiana ("USP"). He alleges that the defendants violated his constitutional right to constitutionally adequate medical care at the USP. His claim is brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

In acting on a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996).

The substantive law applicable to the motion for summary judgment is this:

(1) The Prison Litigation Reform Act (APLRA@) requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S.

516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted). A civil action with respect to "prison conditions" means "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." 18 U.S.C. § 3626(g)(2); *Higginbottom v. Carter,* 223 F.3d 1259, 1260 (11th Cir. 2000).

(2) In *Woodford v. Ngo,* 548 U.S. 81, 90 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so ***properly*** (so that the agency addresses the issues on the merits).'" *Id.*, (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002)).

(3) The PLRA's exhaustion requirement creates an affirmative defense and the burden of proof is on the defendants. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)).

(4) When asserted, the defense must be resolved prior to the merits of a claim being reached. *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

(5) "[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007) (citing *Porter,* 534 U.S. at 524). When a prisoner has failed to exhaust administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Id.* 549 U.S. at 223–24.

The operative pleading setting forth Yarborough's claim is his amended complaint filed on December 6, 2010. The amended complaint asserts the same claim as asserted in the original complaint.

## II. Discussion

### A. Response to the Motion for Summary Judgment

To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor. *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). To support an assertion that a fact cannot be, or is genuinely disputed, a party must (a) cite to particular parts of materials in the record, including

depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers or other materials, (b) show that the materials cited do not establish the absence or presence of a genuine dispute, or (c) show that an adverse party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1)(A) and (B).

Yarborough has responded to the motion for summary judgment but his response does not include, and is not accompanied by, the S*tatement of Material Facts in Dispute* required by Local Rule 56-1(b). District courts have discretion to strictly enforce their local rules even against pro se litigants. *See Cady v. Sheahan,* 467 F.3d 1057, 1061 (7th Cir. 2006); *Cichon v. Exelon Generation Co.,* 401 F.3d 803, 809-10 (7th Cir. 2005). The consequence of these circumstances is that he has conceded the defendants' version of the events. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see also Yancick v. Hanna Steel Corp.,* 653 F.3d 532, 544 (7th Cir. 2011). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997). Moreover, his submission of the affidavits of Michael Stevens, David Krause, and William Hampton does not support the existence of a factual dispute which will defeat the motion for summary judgment because only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). First, Michael Stevens states generally in his affidavit that staff at the USP impeded his ability to exhaust his administrative remedies. This statement is irrelevant to any attempt by Yarborough to exhaust his administrative remedies. The statement of David Krause is also irrelevant because it addresses issues related to the conditions at FCC Petersburg and does not address Yarborough's administrative remedies while at the USP. Finally, Hampton's statement is irrelevant because while it discusses administrative remedies, they are at other prisons. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992)(irrelevant or unnecessary facts do not deter summary judgment, even when in dispute).

### B. Undisputed Material Facts

As a result of Yarborough's failure to properly oppose the motion for summary judgment and the operation of Local Rule 56-1, the court resolves the motion for summary judgment on the basis of the evidence submitted by the defendants. *See Koszola v. Board of Education v. City of Chicago,* 385 F.3d 1104, 1108-09 (7th Cir. 2004). The reading of the evidentiary record most favorable to Yarborough as the non-movant, *see Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000), is the following:

The BOP maintains a three-step procedure for processing inmate grievances. The inmate must first direct his complaint to the warden of his institution through a written administrative remedy request. 28 C.F.R §§ 542.12, 542.13, 542.14. After the

warden's response, if still unsatisfied, the prisoner may submit an appeal to the regional director. 28 C.F.R. § 542.15(a). Lastly, the inmate may appeal to the office of general counsel in Washington, D.C. 28 C.F.R. 542.15. Each step of the process has its own time limits and procedural instructions. "If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director." 28 C.F.R. § 542.14(d)(1). Should the regional director disagree with the inmate's assessment of the issue as sensitive, the inmate will be so notified and may restart the grievance process by filing a request for an administrative remedy with the warden. *Id.*

All requests for administrative remedy are logged and tracked in the SENTRY computer program, which is an electronic record keeping system utilized by the BOP.

Yarborough is a convicted offender in the custody of the BOP. He was confined at the USP between September 1, 2010, and March 1, 2011. He is familiar with the administrative grievance process, having filed 102 grievances while he was confined at the USP. His claim of inadequate medical care as asserted in this case is within the scope of conditions which are grievable under the BOP administrative grievance program.

Yarborough filed remedy no. 609726-A1 on September 30, 2010, and remedy no. 609726-F1 on October 4, 2010. He did not file and receive a response at all three required levels of the administrative remedy procedure with regard to these remedies before initiating this lawsuit.

On September 27, 2010, Yarborough filed remedy no. 608912-R1 directly to the Regional Office, alleging "Delay or Access to Medical Care." A response rejecting this request was issued on September 28, 2010, for the reason that the issues raised therein were not sensitive in nature, and Yarborough needed to initiate the administrative remedy process at the institutional level. Yarborough did not submit any other filings with respect to remedy no. 608912.

This lawsuit was filed on October 6, 2010. Yarborough then filed a series of grievances related to his medical care—each filed after the filing of the lawsuit.

A tabular depiction of the administrative remedies regarding Yarborough's medical care filed by Yarborough while at the USP is shown below.

| Grievance | Date Submitted | Outcome |
|---|---|---|
| 609726 | Sept. 30, 2010 | Filed at the wrong level; did not receive responses at all levels |
| 608912 | Sept. 27, 2010 | Filed at the wrong level; not sensitive |
| 612527 | Oct. 26, 2010 | Filed after lawsuit |
| 613938 | Nov. 1, 2010 | Filed after lawsuit |
| 614130 | Nov. 4, 2010 | Filed after lawsuit |
| 617165 | Nov. 8, 2010 | Filed after lawsuit |
| 618414 | Nov. 10, 2010 | Filed after lawsuit |
| 616726 | Nov. 29, 2010 | Filed after lawsuit |
| 620756 | Jan. 4, 2011 | Filed after lawsuit |
| 620896 | Jan. 4, 2011 | Filed after lawsuit |
| 628201 | Feb. 28, 2011 | Filed after lawsuit |

### C. Analysis

Exhaustion of available administrative remedies is required before a prisoner may bring a lawsuit in federal court. This requires that a prisoner file his grievances in the time and place required by the prison's rules. The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary,* 255 F.3d 446, 450–51 (7th Cir. 2001).

The defendants have shown that there was a multi-step grievance procedure available to Yarborough at the USP, that his claims were grievable, and that he did not both properly file a grievance and complete each step of the grievance process with respect to such claim prior to filing either the initial complaint or the second amended complaint. While he did file a number of administrative remedies, he did not file those remedies "properly," meaning at the time and place required by the grievance process.

In addition, the remedies filed after the commencement of this lawsuit cannot support denial of summary judgment. If a prisoner has exhausted a grievance but filed suit before the administrative process is concluded, "then dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision." *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004). Yarborough therefore failed to properly exhaust available administrative remedies.

Yarborough argues that he was not required to exhaust available administrative remedies. But the Supreme Court has emphatically held that it "will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirements." *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001). Yarborough also argues that he was denied the opportunity to exhaust his administrative remedies, but as discussed above, he does not support that argument with proper citation to the record.

## III. Conclusion

The consequence of Yarbrough's failure to properly exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims should not have been brought and must now be dismissed without prejudice. *Ford,* 362 F.3d at 401("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

The defendants' motion for summary judgment [58] is **granted.** Judgment consistent with this Entry shall now issue.

The status conference set for May 22, 2012, is **vacated**.

**IT IS SO ORDERED.**


Date: 03/23/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana